## Isaac M. Key v. T. C. Craig.

*A person entitled to an annuity out of an estate may assign the same, and the County Court has jurisdiction to order payment to such assignee.*

Appeal from Panola. Tried below before Hon. C. A. Frazer. The facts are stated in the Opinion.

*W. R. Poag*, for appellant.

*P. Murrah*, for appellee.

HEMPHILL, CH. J. By judicial decree Susan Roberts had been declared entitled annually, during her life, to eighty-eight dollars out of the one-fourth part of the estate of Charles Rutledge, deceased, and the executors were decreed to pay the same at the end of each year, or whenever demanded.

Susan Roberts having transferred her claim by an instrument in writing, set forth as part of the petition, to Isaac M. Key, he applied to the County Court of Panola county for an

order to the administrator with will annexed, for payment ot the claim.

On demurrer by the administrator, his petition was dismissed and this judgment was in effect affirmed by the District Court.

The only question is, had the County Court jurisdiction to order payment to an assignee of the claim.

There can be no doubt that Susan Roberts, the assignor, might have obtained such order in the County Court, if her claim had not been previously sanctioned and established; yet she might have obtained payment under the 118th Section, Art. 1227, Hart. Dig., although in that case it would have been necessary to have cited not only the executor, but also the other devisees and legatees. But the claim was established by suit in the District Court, with a decree that it be paid yearly.

We have repeatedly held that (unless were there is an exception by Statute) claims against an estate which is under administration must be paid under the order and direction of the County Court, and forced sales for the payment of debts must be under decrees from that Court. The estate may also by decree of that Court be distributed.

There is no inhibition by law against the sale, by either creditors or heirs, of their claims or shares in an estate. Any such restriction would produce the most serious embarrassments, as years may elapse before such claims can be collected or realized. But this would be the virtual effect of a denial of jurisdiction in the County Court to recognize the rights of an assignee of a debt, or distributive share of an estate. If the assignee of a judgment or mortgage could not procure an order of sale, very few mortgages or judgments would be assigned. The sale of such rights would be virtually prohibited. The trial of the right of an assignee may involve some difficulty, but not more so than numerous other facts which must

be determined upon as incident to the jurisdiction of the County Court.

The most important questions relative to marriages, wills, heirship, &c., must be solved by the Chief Justice, and the fact of assignment, or of ownership of a claim, does not present more difficulty than others of constant occurrence.

The judgment reversed and cause remanded.

Reversed and remanded.